**Charles J. STARKS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1283S443.**

Supreme Court of Indiana.

Dec. 16, 1985.

Susan K. Carpenter, Public Defender of Ind., Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of petition for post-conviction relief filed pursuant to Rule PC 1 of this court. Appellant Starks was convicted of Criminal Deviate Conduct on August 4, 1982 upon his plea of guilty and sentenced to a term of twenty (20) years. In 1983, he filed his post-conviction petition, received a hearing upon that petition, and the case resulted in a judgment denying relief which was supported by findings of fact and conclusions of law.

The claim in the petition, pertinent to this appeal, was that the court accepting the plea had failed to conduct a competency hearing *sua sponte* upon the question of whether appellant was then competent to enter a plea of guilty, based upon evidence then before the court requiring that action, and relying upon I.C. 35–5–3.1–1 (repealed by Acts 1981, P.L. 298, Section 9, effective September 1, 1982; amended and re-codified as Ind.Code 35–36–3–1). This statute governs when the issue is whether an accused person is competent to stand trial, and requires the court to declare whether an accused has the ability to understand the proceedings and assist in the preparation of his defense.

In response to the petition, the trial court appointed two psychiatrists to examine appellant, and instructed them to determine his present competency and "... his competency as of August 4th, 1982, and as to his ability to understand the nature of the proceedings." The two testified at the hearing. Both testified in detail, describing appellant's history of mental illness, susceptibility to psychotic reactions while under stress, and lower range learning capacity.

According to the findings the one testified to the following opinion:

"Petitioner was capable of making choices and was able to relate events surrounding the incident in question to his lawyer."

According to the findings the other testified to the following opinion:

"Petitioner has the ability to make rational decisions and did on the date the guilty plea was entered."

The court made the following pertinent conclusions of law:

"3. The Court, in determining competency of a criminal defendant, may give weight to medical testimony of disinterested and impartial court-appointed psychiatrists; however, such testimony need not be dispositive of the issue of competency and the Court may consider other relevant factors. *Adcock v. State* (1982), Ind., 436 N.E.2d 799.

4. The Court finds as a matter of law as well as fact that Petitioner was competent at the time of the commission of the crime, at the time the guilty plea was entered, and at the present, and was capable of assisting in his defense and making rational decisions."

On appeal, appellant contends that the trial court restricted itself to the "understand and assist" standard applicable when determining competency to stand trial, rather than utilizing the standard suggested by this court in *Adcock v. State* (1982), Ind., 436 N.E.2d 799 where we said:

"Petitioner argues that the court gave undue weight to the competency determination in concluding that the guilty plea was made voluntarily, since the question of competency to stand trial is fundamentally different from the question of whether a defendant can freely and intelligently plead guilty. We believe that the trial court correctly gave significant weight to that determination, but not deem it dispositive. The findings of fact indicate that he also gave significant weight to other facts. We are satisfied that the court did not err in this regard."

Appellant argues that while the trial court specifically recognized that an "un-derstand and assist" inquiry and determination would not be dispositive, as envisioned in *Adcock*, it nevertheless did not identify what other factors figured into the ruling. When the special findings and conclusions are read, it is apparent that the trial court did not deem its determination of competency to plead guilty to be restricted to the standard applicable in determining competency to stand trial. The findings related to the history of mental illness, lower learning capacity, and the ability to make good judgments. The conclusions specifically described the competency to stand trial standard as non-dispositive and referred specifically to the capacity to make rational decisions. This was appropriate and in conformity with the requirement of *Adcock* that elements present when pleading guilty, such as understanding the consequences of the plea and having the capacity to choose between alternatives presented at such proceedings, be open to consideration.

The judgment is affirmed.

GIVAN, C.J., and PRENTICE, PIVAR-NIK and SHEPARD, JJ. concur.